Hathaway, J.
(concurring). I agree with the majority that the trial court abused its discretion by failing to set aside the default judgment because defendants were entitled to relief from the judgment under MCR 2.612(B). The majority opinion “assume[s] arguendo” that personal jurisdiction was acquired over defendants.[1] I write separately because I do not believe that a court can properly determine whether defendants are entitled to relief under MCR 2.612(B) without first establishing that personal jurisdiction was in fact acquired over the defendants.
MCR 2.612(B) provides:
A defendant over whom personal jurisdiction was necessary and acquired, but who did not in fact have knowledge *287 of the pendency of the action, may enter an appearance within 1 year after final judgment, and if the defendant shows reason justifying relief from the judgment and innocent third persons will not be prejudiced, the court may relieve the defendant from the judgment, order, or proceedings for which personal jurisdiction was necessary, on payment of costs or on conditions the court deems just. [Emphasis added.]
The language of the rule is clear. In order to afford relief under MCR 2.612(B), the first issue that must be decided is whether personal jurisdiction was acquired over the defendant. If a court determines that personal jurisdiction was necessary and acquired, the court may provide relief, assuming the additional requirements of the rule are met. If the court determines that personal jurisdiction was not acquired, a party is not entitled to relief under MCR 2.612(B); rather, the judgment is void and the party may seek relief under MCR 2.612(C)(1)(d). The treatise Michigan Court Rules Practice explains:
MCR 2.612(B) does not apply to cases in which the court lacked personal jurisdiction over the defendant, but such jurisdiction was required for entry of a valid judgment. In those cases the judgment is void and relief may be obtained at any time under MCR 2.612(C)(1)(d). [3 Longhofer, Michigan Court Rules Practice (5th ed), § 2612.8, p 505.]
In this case, the facts as set forth in the majority opinion demonstrate that plaintiff made diligent efforts to locate and serve defendants. When plaintiff was unable to effectuate service, it properly applied to the trial court for substituted service, which the trial court appropriately allowed.[2] The trial court’s order allowing for substituted service was in accordance with the well-established procedures set forth in the court rules.[3] *288 Thus, substituted service on defendants was effectuated in accordance with the court rules.
Due process requires that service of process be reasonably calculated under the circumstances to provide the defendant with notice of the lawsuit.[4] However, due process does not require that actual notice be given in every case; instead, constructive notice is permitted.[5] The Court of Appeals correctly noted that because “the court rules pertaining to service of process are intended to satisfy due process requirements, a party who serves process consistently with those rules will, generally, comport with due process requirements. See MCR 2.105(J).”[6] There is nothing in the record to indicate that these defendants were not afforded due process. Accordingly, I would specifically hold that personal jurisdiction was in fact acquired over defendants, thus allowing the trial court to consider providing relief under MCR 2.612(B).
In this case, all the requirements of MCR 2.612(B) had been met. Defendants’ motion was filed within one year of the judgment, defendants did not in fact have knowledge of the pendency of the action, defendants have shown reasons justifying relief from the judgment, and no innocent third persons will be prejudiced. Thus, the trial court abused its discretion by failing to set aside the default judgment, and defendants are entitled to relief. Therefore, I agree with the majority that this matter should be remanded to the trial court for further proceedings.

 Ante at 275.

 MCR 2.105(1).

 Id.; MCR 2.106.

 See Krueger v Williams, 410 Mich 144, 156; 300 NW2d 910 (1981).

 Id.

 Lawrence M Clarke, Inc v Richco Constr, Inc, unpublished opinion per curiam of the Court of Appeals, issued November 17, 2009 (Docket No. 285567), p 3.